IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**JOHN ALLEN,**

    **Petitioner,**

v.                                                            **Case No. 5:16-cv-06331**

**JOE COAKLEY, Warden,**

    **Respondent.**

## PROPOSED FINDINGINS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner paid the applicable $5.00 filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed the instant petition, the petitioner was incarcerated at the Federal Correctional Institution at Beckley, West Virginia, serving a 70-month term of imprisonment imposed by the United States District Court for the Northern District of West Virginia, on a conviction for conspiracy to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("West Virginia case"), which was to run consecutive to a 13-month term of imprisonment following the revocation of the petitioner's term of supervised release imposed by the Southern District of Ohio, after being convicted of one count of possession with intent to distribute more than 50 grams

of cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Ohio case"). (ECF No. 8 at 3-4).

The petitioner's section 2241 petition challenges the aggregation of his sentences for the purpose of determining both to be "current offenses," and further asserts that he was improperly deemed ineligible under 18 U.S.C. § 3621(e), and the applicable regulations and BOP program statements, for early release upon completion of the BOP Residential Drug Abuse Program ("RDAP"), due to a firearm enhancement imposed in his Ohio case.

On September 11, 2017, the undersigned issued an Order to Show Cause (ECF No. 6) directing the respondent to respond to the petition. On November 17, 2017, the respondent filed a Response asserting that the petitioner was properly denied early release eligibility. (ECF No. 8). The petitioner did not file a reply brief.

The petitioner was released from BOP custody on May 31, 2018. Accordingly, his section 2241 petition is now moot and this court lacks jurisdiction to provide him any relief.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007);

*Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).   As noted above, the petitioner has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of his release from BOP custody.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address.

<u>June 22, 2018</u>

                                      Dwane L. Tinsley
                                      United States Magistrate Judge